

tion of petitioner's two-year period to perform satisfactorily for the possible conversion to competitive status.[1] At the time the agency issued the second SF–50, petitioner was not beginning a second appointment. Rather, he was still "serving a probationary or trial period under an *initial appointment pending conversion to the competitive service.*" As a probationary appointee serving an initial appointment, petitioner-under section 7511(a)(1)(C)(i)-did not have the right to appeal his personnel matter to the Board.

Because the Board properly concluded that petitioner was not an employee under either subsection of section 7511(a)(1)(C), it lacked jurisdiction to hear petitioner's appeal. Accordingly, we affirm the Board's dismissal.

[redacted]

[redacted]

**Marilyn J. FOXX, Claimant–Appellant,**

**v.**

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 02–7413.**

United States Court of Appeals, Federal Circuit.

DECIDED: May 14, 2003.

[redacted]

Before NEWMAN, BRYSON, and GAJARSA, Circuit Judges.

**JUDGMENT**

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED: *AFFIRMED. See* Fed. Cir. R. 36

[redacted]

[redacted]

**Jack BEERY, Plaintiff–Appellant,**

**v.**

**THOMSON CONSUMER ELECTRONICS, INC., Defendant,**

**v.**

**Gemstar–TV Guide International, Inc., Movant–Appellee.**

**No. 03–1009.**

United States Court of Appeals, Federal Circuit.

DECIDED: May 14, 2003.

[redacted]

1. While the second SF–50 incorrectly indicated that the "appointment is subject to completion of [a] one-year trial period," rather than the correct period of two years under the controlling regulation, it is well settled that an "SF–50 is not a legally operative document controlling on its face an employee's status and rights." *Grigsby v. Dep't of Commerce,* 729 F.2d 772, 776 (Fed.Cir.1984). It is the true nature of the appointment that governs, not the SF–50.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

## JUDGMENT

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED: *AFFIRMED.* *See* Fed. Cir. R. 36

**Phillip L. DOUGHERTY,
Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.**

No. 02–7111.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 14, 2003.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

## JUDGMENT

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and AD-

---

JUDGED: *AFFIRMED.* *See* Fed. Cir. R. 36

**Greg A. MERTENS, Plaintiff–
Appellant,**

v.

**Michael DOTY (doing business as Archers' Edge) and Deborah Doty (doing business as Archers' Edge), Defendants–Appellees.**

No. 03–1005.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 14, 2003.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

## JUDGMENT

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and AD-